# TRAIGER & HINCKLEY LLP

ATTORNEYS AT LAW
880 THIRD AVENUE
NEW YORK, NY 10022-4730

TELEPHONE 212-759-4933                           GEORGE R. HINCKLEY, JR.
FACSIMILE   212-656-1531                         grh@hinckley.org

June 26, 2007

BY HAND and ECF

Hon. Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007

Re: Hertzoff v. United Orthopaedic Appliances Co. Inc., 07 Civ. 03157 (CM) (MHD)

Dear Judge McMahon:

We represent the plaintiffs in the above referenced action and are writing in response to the letter-motion of defendants by Colleen Tarpey, Esq. of today's date.

We believe that defendants did not need to trouble the Court with this motion, since, as Ms. Tarpey acknowledges, we informed her, in writing, that plaintiffs would be happy to extend defendants' time to answer the Amended Complaint to any reasonable date.

Defendants' counsel was duly served with the Amended Complaint by US mail and e-mail on June 8, 2007, as Ms. Tarpey's letter acknowledges. (Plaintiffs amended as of right pursuant to FRCP 15 (a), as a responsive pleading had not been served.) I filed a copy of the affidavit of service via ECF and sent a copy of the amended complaint to the Clerk at case_openings@nysd.uscourts.gov.

It is not possible to serve an amended complaint via ECF, as Ms. Tarpey suggests. I tried. Following receipt of today's letter, I contacted the ECF Helpdesk and was

informed that although the ECF procedures provide that "*All subsequent documents [after the initial complaint] must be filed electronically...*", amended complaints are nevertheless to be filed by paper copy with the Clerk's office. We have therefore sent a paper copy to the Clerk's office for filing. We also sent Your Honor a courtesy copy, pursuant to 2A. of Your Honor's Individual Practices.

Again, we are surprised that this has become an issue for the Court, since defendants were admittedly served with the Amended Complaint on June 8th and we informed defendants, in writing, that plaintiffs would be happy to extend their time to answer.

As to the issue of the Rule 26(f) conference, pursuant to the Court's May 4, 2007 *Order Re Scheduling and Initial Pretrial Conference,* directing the parties to confer, we sent defendants' counsel a proposed scheduling order over a month ago on May 18, 2007 and received no response. We repeatedly requested a response and received none. We expressed a willingness to confer with defendants' counsel on any issues they may have. On June 21st, I wrote to defendant's counsel and informed her that I would telephone her on June 22nd at 1 p.m. to further confer. Defendants' counsel did not take my call or phone back. On June 22nd we also sent defendants a revised proposed scheduling order, revised to reflect the passage of time. Defendants did not respond to this proposal either.

Ms. Tarpey acknowledges in the last paragraph of her letter that "*defendants will not discuss scheduling of discovery.*" We respectfully submit that a defendant should not be able to decline repeated invitations to "confer" and yet heard to complain that insufficient "conferring" has taken place. Nevertheless, we are confident that the parties can agree to a mutually satisfactory discovery schedule at Friday's conference before Your Honor.

Respectfully submitted,

s/

George R. Hinckley, Jr.


cc (via fax and email): Colleen Tarpey, Esq.