Andrew L. Zwerling (AZ-5455)
Colleen M. Tarpey (MT-7572)
GARFUNKEL, WILD & TRAVIS, P.C.
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200
Attorneys for Defendants Noreen Diaz and
United Orthopaedic Appliances Co., Inc.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BEVERLY HERTZOFF, EDWIN HERTZOFF,
and CLAYTON HERTZOFF,

       Plaintiffs,

-against-

NOREEN DIAZ and UNITED ORTHOPAEDIC
APPLIANCES CO., INC.

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

07 CV 3157 (CM)(MHD)



RECEIVED
JUL 17 2007
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE
S.D.N.Y.

  Upon the Affidavit of Defendant Noreen Diaz, sworn to July 13, 2007 and the exhibits annexed thereto; upon the Memorandum Of Law In Support Of Defendants' Noreen Diaz and United Orthopaedic Appliances Co., Inc.'s Motion For Preliminary Injunctive Relief; and all prior pleadings and proceedings had herein, and due deliberation having been had, and sufficient cause having been sworn, it is:

  ORDERED, that the Plaintiffs Beverly Hertzoff, Edwin Hertzoff and Clayton Hertzoff show cause before the Honorable Michael H. Dollinger, United States Magistrate Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Room 1670, New York, New York, on July 24, 2007 at 9:15 a.m./p.m. or as soon thereafter as

510420.01

counsel may be heard, why an Order should not issue that, pursuant to the Employment Agreement entered into between Defendant United Orthopaedic Appliances Co., Inc. ("UOA") and Plaintiff Clayton Hertzoff dated August 20, 2006, Plaintiff Clayton Hertzoff is enjoined from:

1) disclosing, in whole or in part, any financial statements, business plans, internal memoranda, reports, audits, patient surveys, employee surveys, operating policies, quality assurance materials, fees, and other such materials or records of proprietary nature of UOA (collectively, the "Confidential Information") to any third party;

2) interfering with UOA's relationships with its employees, customers and referral sources, or with any hospital or managed care entity with which UOA has a contractual relationship;

3) rendering any professional services to any customer of UOA who has been solicited by Clayton Hertzoff in violation of the Employment Agreement;

4) rendering any professional services to any or any person, firm, corporation, association, or other entity to whom any such Confidential Information, in whole or in part, has been disclosed by Clayton Hertzoff or is threatened to be disclosed by him;

5) soliciting, interfering with or endeavoring to entice away from UOA, any of its employees, agents, contractors, customers, or referral sources;

6) for his own account or for the account of others, inducing any customers to patronize any competing billing service provider, requesting or advising any customer to withdraw, curtail, or cancel such customer's relationship with UOA or disclosing to any other person, partnership, firm, corporation or other entity the names or addresses of any customers of UOA;

7) engaging in the sale of orthotics and prosthetics as an employee, independent contractor, shareholder, partner, or otherwise and whether separately or in conjunction with any other entity or individual within a three (3) mile radius of UOA's location at 326 Second Avenue, New York, New York; and/or

8) operating or having any financial or other interest in any entity involved in the business of providing orthotics and prosthetics

2

510420.01

within a three (3) mile radius of UOA's location at 326 Second Avenue, New York, New York;

FURTHER ORDERED that, pending the hearing and determination on the Motion of Defendants Noreen Diaz and UOA for preliminary injunctive relief, Plaintiff Clayton Hertzoff is and hereby shall be temporarily restrained and enjoined from:

1) disclosing, in whole or in part, any financial statements, business plans, internal memoranda, reports, audits, patient surveys, employee surveys, operating policies, quality assurance materials, fees, and other such materials or records of proprietary nature of UOA (collectively, the "Confidential Information") to any third party;

2) interfering with UOA's relationships with its employees, customers and referral sources, or with any hospital or managed care entity with which UOA has a contractual relationship;

3) rendering any professional services to any customer of UOA who has been solicited by Clayton Hertzoff in violation of the Employment Agreement;

4) rendering any professional services to any or any person, firm, corporation, association, or other entity to whom any such Confidential Information, in whole or in part, has been disclosed by Clayton Hertzoff or is threatened to be disclosed by him;

5) soliciting, interfering with or endeavoring to entice away from UOA, any of its employees, agents, contractors, customers, or referral sources;

6) for his own account or for the account of others, inducing any customers to patronize any competing billing service provider, requesting or advising any customer to withdraw, curtail, or cancel such customer's relationship with UOA or disclosing to any other person, partnership, firm, corporation or other entity the names or addresses of any customers of UOA;

7) engaging in the sale of orthotics and prosthetics as an employee, independent contractor, shareholder, partner, or otherwise and whether separately or in conjunction with any other entity or individual within a three (3) mile radius of UOA's location at 326 Second Avenue, New York, New York; and/or

3

8) operating or having any financial or other interest in any entity involved in the business of providing orthotics and prosthetics within a three (3) mile radius of UOA's location at 326 Second Avenue, New York, New York;

FURTHER ORDERED that service of a copy of this Order and the papers upon which it is made to counsel for Plaintiff Clayton Hertzoff, George R. Hinckley, Jr., Esq., Traiger & Hinckley LLP, 880 Third Ave. 9th Floor, New York, New York 10022-4730, by hand delivery or overnight express courier delivery, on or before July 17, 2007, 5 P.M. shall constitute good and sufficient service hereof; and it is further

FURTHER ORDERED that answering papers, if any, must be filed with this Court (with a courtesy copy to chambers) and served on counsel for Defendants, Garfunkel, Wild & Travis, P.C., 111 Great Neck Road, Great neck, New York 11021, Attn: Colleen M. Tarpey, Esq., by hand delivery or overnight express courier delivery, so as to be received on or before July 20, 2007, and that reply papers, if any, must be filed with this Court (with a courtesy copy to chambers) and served on counsel for Plaintiff Clayton Hertzoff, George R. Hinckley, Jr., Esq., Traiger & Hinckley LLP, 880 Third Ave. 9th Floor, New York, New York 10022-4730, by hand delivery or overnight express courier delivery, so as to be received on or before July 23, 2007, 5 P.M.

Dated: New York, New York
July 17, 2007

Time:

_____
UNITED STATES MAGISTRATE JUDGE

510420.01

4