**MEMO ENDORSED**



RECEIVED JUL 18 2007 CHAMBERS OF COLLEEN McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
BEVERLY HERTZOFF et al.,
                                  :
               Plaintiffs,       REPORT & RECOMMENDATION
                                :
    -against-               07 Civ. 3157 (CM)(MHD)
                                :
NOREEN DIAZ et ano.,
                                :
             Defendants.
----------------------------------x

TO THE HONORABLE COLLEEN MCMAHON, U.S.D.J.:

*7/25/07 With no objection having been received, I adopt the Report on the part of the Court. [signature] denied [signature] USDJ*

      Plaintiffs commenced this action in April of this year, alleging various claims for breach of contract on the basis of defendant Noreen Diaz's asserted breach of a stock purchase agreement governing the purchase and management of co-defendant United Orthopedic Appliances ("UOA"), as well as her asserted failure to pay rent and her claimed breach of an employment agreement with plaintiff Clayton Hertzoff. Following the filing of an amended complaint in June, defendants notified the District Court that they intended to move for preliminary injunctive relief, and on July 13 they in fact submitted a proposed order to show cause why such relief should not be granted. That application is based in large measure on assertions that Clayton Hertzoff breached his employment agreement with UOA (including a non-compete provision) by unjustifiably departing from the company in mid-June, joining a competitor (which is not a named party) and proceeding

1

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/07

both to steal customers and to actively sabotage UOA's business by, inter alia, making false statements to the company's suppliers and customer base about the company's status and performance.

As part of the relief that plaintiffs requested by virtue of their order to show cause, they applied not only for a preliminary injunction to stop Hertzoff from undertaking these activities, but also for a temporary restraining order to prevent Hertzoff from engaging in what they claim is damaging competition with UOA in violation of the terms of his employment agreement. They have asked that he be restrained, pending resolution of the preliminary-injunction motion, from disclosing financial and other confidential data pertaining to UOA, from interfering with UOA's relationships with customers and others who are essential to its business, from servicing UOA customers whom he may have improperly solicited in violation of the non-compete provision, from soliciting UOA customers and from engaging in any business that competes with UOA in violation of the non-compete clause.

The application for a TRO has been made without opportunity for the plaintiffs to be heard. In such circumstances Rule 65(b) authorizes granting such an application only if (1) the movant "clearly" establishes "that immediate and irreparable injury . . . will result to the applicant before the adverse party or that

party's attorney can be heard in opposition" and (2) the movant's attorney "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In this case we understand that defendants' counsel advised the District Court by no later than June 29, 2007 that his clients intended to move for a preliminary injunction, but requested that he be given until July 13, 2007 to file such a motion and that the briefing not be completed until July 23, 2007. Moreover, counsel made no mention at the time of any intention to seek a TRO. These requested dates were incorporated in a case management order dated June 29, and they have been reiterated in the order to show cause issued on July 17 by this court, an order that includes a further directive that the hearing on the preliminary injunction motion be held on July 24, 2007.

Movants have not sought to pursue a TRO with the expedition required if they are to demonstrate the requisite need for ex parte relief. Moreover they agreed with their adversaries on a relatively leisurely schedule for briefing the preliminary injunction motion, with no indication of a need for a TRO. Furthermore, we note that although their proposed order to show cause contains a TRO provision, their papers do not explicitly address the matters that

Rule 65(b) would require them to demonstrate in order to obtain what amounts to ex parte emergency relief. Finally, as we have noted, the motion for an injunction pendente lite will be dealt with and resolved quickly.

Under these circumstances, we see no basis for issuance of an ex parte TRO at this time. Accordingly, we recommend that it be denied, and that the court proceed simply to adjudicate the preliminary injunction motion in accordance with the schedule previously requested by the parties and adopted by the court.

**PLEASE NOTE:**

In view of the expedited nature of the application addressed in this Report and Recommendation, notwithstanding the terms of Rule 72 of the Federal Rules of Civil Procedure, the parties shall have **only one day** from this date -- that is, until June 19, 2007 -- to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Colleen McMahon, Room 640, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later

appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

DATED: New York, New York
       July 18, 2007

RESPECTFULLY SUBMITTED,

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Andrew L. Zwerling, Esq,
Colleen M. Tarpey, Esq.
Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, New York 11021

George Hinckley, Esq.
Traiger & Hinckley LLP
880 Third Avenue
9th Floor
New York, New York 10022-4730