UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HERTZOFF, EDWIN HERTZOFF, AND CLAYTON HERTZOFF<br><br>  Plaintiffs,<br>v.<br>NOREEN DIAZ, and UNITED ORTHOPAEDIC APPLIANCES CO. INC.<br><br>  Defendants. | **PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS**<br><br>No. 07 CV 3157 (CM) (MHD) |

Plaintiffs, for their response to Defendants' Counterclaims dated October 12, 2007, by their undersigned attorneys, allege as follows:

1.   In response to paragraph 50, admit that United Orthopedic Appliances Company ("UOA") and Noreen Diaz are defendants in this action, and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

2.   Admit the allegations of paragraph 51.

3.   Deny the allegations of paragraph 52.

4.   Admit the allegations of paragraph 53 in so far as they relate to the business of UOA prior to the sale of UOA by plaintiffs, and deny knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 53.

5. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 54 and 55.

6. In response to paragraph 56, admit that Beverly and Edwin Hertzoff own the building located at 791 Broadway and that, prior to the sale of UOA, Beverly Hertzoff, Edwin Hertzoff, and Clayton Hertzoff were the owners of the shares of UOA and received salaries as employees of UOA.

7. Deny the allegations of paragraphs 57 through 62.

8. In response to paragraphs 63 through 68, respectfully refer the Court to the Stock Purchase Agreement for a full and accurate description of its terms, and deny that defendants' characterizations of the Stock Purchase Agreement are accurate or complete.

9. In response to paragraphs 69 through 72, respectfully refer the Court to the Employment Agreement for a full and accurate description of its terms, and deny that defendants' characterizations of the Employment Agreement are accurate or complete.

10. Deny the allegations of paragraphs 73 through 90.

11. In response to paragraphs 90 through 94, respectfully refer the Court to the Employment Agreement for a full and accurate description of its terms, and deny that defendants' characterizations of the Employment Agreement are accurate or complete.

12. Deny the allegations of paragraphs 95 through 125.

13. Deny the allegations of paragraphs 126 through 185.

**AS AND FOR A FIRST DEFENSE**

14. Defendants' counterclaims fail to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

15. Defendants' fourth, seventh and tenth counterclaims must also be dismissed because the restrictive covenant in Clayton Hetzoff's Employment Agreement is void and unenforceable, both as a matter of law and due to defendants' breaches of the Employment Agreement and Stock Purchase Agreement.

**AS AND FOR A THIRD DEFENSE**

16. Defendants' third counterclaim for defamation must also be dismissed because the counterclaim fails to plead adequately the actual exact words spoken, the facts concerning publication, identify to whom the words were spoken or plead any special damages.

**AS AND FOR A FOURTH DEFENSE**

17. Defendants' second counterclaim for tortious interference with contract must also be dismissed because defendants fail to identify any particular contract purportedly interfered with; fail to identify the parties to such contract or terms of

such contract; fail to allege plaintiffs' knowledge of such contract; fail to allege facts showing a breach of such contract; fail to allege that any action by any one of the plaintiffs was the "but-for" cause of such breach of contract; and fail to allege any particular resultant damages caused by such breach of contract.

## AS AND FOR A FIFTH DEFENSE

18.     Defendants' first counterclaim for tortious interference with business relationships must also be dismissed because defendants fail to identify any particular business relationship purportedly interfered with; fail to identify the parties to such business relationship; fail to identify the terms of such business relationship; fail to allege plaintiffs knowledge of such business relationship; fail to allege facts showing particular damage to such business relationship; fail to allege that any action by plaintiff(s) was the "but-for" cause of such damage; and fail to allege any particular resultant damages caused by such alleged interference with a particular business relationship.

## AS AND FOR A SIXTH DEFENSE

19.     Defendants' first counterclaims for tortious interference with existing economic relations in a nonbinding relationship must also be dismissed because defendants fail to allege any conduct amounting to a crime or an independent tort.

### AS AND FOR A SEVENTH DEFENSE

20. Defendants' counterclaims for breach of contract must be dismissed because of defendants' prior material breach.

### AS AND FOR A EIGHTH DEFENSE

21. Defendants' counterclaims are barred, in whole or in part, by the doctrines of unclean hands, waiver and/or estoppel.

WHEREFORE, Plaintiffs pray for entry of judgment in their favor and against defendants as follows:

1. That the Defendants' counterclaims be dismissed in their entirety and with prejudice;

2. That Defendants take nothing by their Counterclaims;

3. That Plaintiffs recover their costs and attorney's fees in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         November 6, 2007

                                        TRAIGER & HINCKLEY LLP

                                        s/
                                        By: George R. Hinckley Jr.  (GH-7511)

                                        880 Third Avenue 9th Floor
                                        New York, NY 10022-4730
                                        Tel. (212) 759-4933
                                        Fax  (212) 656-1531
                                        Attorneys for Plaintiffs

5